LAW OFFICES OF
# RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.
606 W. Main Street, Suite 300
Knoxville, Tennessee 37902

W. THOMAS DILLARD
WAYNE A. RITCHIE II
WADE V. DAVIES
STEPHEN ROSS JOHNSON
JAMES R. STOVALL
SAMANTHA I. ELLIS

ROBERT W. RITCHIE (1938-2006)
CHARLES W.B. FELS (Of Counsel)

TELEPHONE (865) 637-0661
FACSIMILE (865) 524-4623
WWW.RDDJLAW.COM

July 15, 2020

**BY HAND DELIVERY**

Richard Armstrong, Esq.
Knox County Law Director
City County Building, Suite 612
400 Main Street
Knoxville, Tennessee 37902

Tom Spangler, Knox County Sheriff
Deputy James Bradshaw
Deputy Corey Campbell
Deputy Paul Burnett
Deputy Clay Harrell
Deputy Zach Doss
Deputy Shane May
Deputy Gavin Bales

Deputy Christian Gomez
Deputy Nathan Stachey
Deputy Dennis Sosville
Deputy Dustin Farmer
Deputy Denife Jones
Deputy Bradley Finley

c/o Chief Mike Ruble and Randall E. Nichols, Esq., Special Counsel
Knox County Sheriff's Department
City County Building
400 Main Street
Knoxville, Tennessee 37902

Re: Our Client: Ann Ledford, mother and next of kin of Johnathan Binkley
 Decedent: Johnathan Binkley; Date of Death: July 27, 2019

Dear Director Armstrong, Sheriff Spangler, Chief Ruble, Special Counsel Nichols, and Deputies:

Our firm has been retained by Ann Ledford to investigate potential claims arising from the death of her son, Johnathan Binkley, while Mr. Binkley was in the custody of the Knox County Sheriff's Department on July 27, 2019.

Particularly given that the District Attorney's office has now closed its investigation into Mr. Binkley's death, I'm writing to request that each of you, as well as each of your agents and employees, maintain the integrity of any and all evidence, reports, documents, notes, videos, audios, emails, texts, voicemails, electronically stored information, records, data and information

of any kind pertaining to the pursuit, arrest, interactions with, and/or death of Mr. Binkley on July 27, 2019, and/or the transport of Mr. Binkley's body from the scene (the "subject incident"), as well as any part of the investigation of the subject incident, any related act or omission of anyone involved in the subject incident (including but not limited to the female passenger who was riding with Mr. Binkley during the pursuit and the responding law enforcement and emergency medical personnel), the investigation of the subject incident, and the medical examination and autopsy performed on Mr. Binkley's body (collectively the "subject information"). Please do not dispose, alter, modify, destroy or perform destructive testing on any part of the subject information prior to providing my office with a reasonable opportunity to inspect and copy it.

This preservation request necessarily includes, but is not limited to, any and all reports, incident reports, supplemental incident reports, autopsy reports, autopsy notes, witness statements, diagrams, recreations, reenactments, videotapes (whether from the deputies' body cameras, cruiser videos, or otherwise), audio tapes or files, photographs, fingerprint cards, dispatcher tapes and logs, activity reports, pursuit reports, affidavits of complaints, warrants, photographs of the scene and of anyone at the scene, field notes, daily activity logs, daily rosters, daily work schedules, policies, procedures, ambulance records or reports, medical entries, medical records, batons, flashlights, toxicology reports, memoranda, correspondence, autopsy photographs, slides, blood samples, tissue samples, organs, personal belongings of Mr. Binkley, alleged drugs and/or drug paraphernalia, insurance claim forms or documents, accident reconstruction reports, test results, officer's medical records or reports, employee statements or reports, repair bills, or any other evidence, records, documents or things pertaining to the subject incident and/or Mr. Binkley's death.

I am specifically requesting that all actions be taken as necessary to preserve all video, data, tapes, and all other recordings of any kind, as well as all other evidence of any kind or nature which may be recycled or recorded over, and that any such data, tapes and evidence be preserved and verified for accuracy.

If any evidence, data, or other items or information referenced herein has already been tested, inspected, altered, modified, destroyed, lost or changed in any manner, I am requesting that you identify with particularity the evidence, data, items or information that has or have been tested, inspected, modified, altered, destroyed, lost or changed in any manner and that you provide the name, address and telephone number of the person, persons, entity or entities involved in any manner in such information being tested, altered, inspected, modified, destroyed, lost or changed. Further, do not do any further testing or destructive handling of any such information without notifying our office and giving us the opportunity to ensure that the information is preserved.

      Finally, please be advised that I also request to be permitted to inspect and to be provided true and complete copies of the subject information (as defined and described above) pursuant to the Open Records Request pursuant T.C.A. §§ 10-7-501 *et seq.*, and in particular T.C.A. § 10-7-503.

      Pursuant to the Public Records Act, I am requesting compliance with this letter no later than seven days from today and an estimate of the costs, if any, of copying / reproducing the requested information. If I do not receive a response in compliance with the Public Records Act, I will consider this a denial and will have no option but to file an action under the Public Records Act seeking all available remedies.

      Thank you in advance for your anticipated professional courtesies and attention to this matter. Kind regards.

                                    Sincerely yours,

                                    Wayne A. Ritchie II

WAR/lhc